United States District Court
Southern District of Texas
**ENTERED**
June 14, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SECIAL HEATH, | § | |
| SPN # 03174532, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-0939 |
| | § | |
| PAROLE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

The plaintiff, Secial Heath, proceeds *pro se* and *in forma pauperis* in this civil rights suit.  Because this case is governed by the Prison Litigation Reform Act (PLRA), the Court is required to screen the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b).  Having reviewed the pleadings, the applicable law, and all matters of record, the Court concludes that this civil action must be **dismissed** for the reasons that follow.

## I.    BACKGROUND

Heath filed this lawsuit when detained in the Harris County Jail.  He names "Parole" as the sole defendant, and provides an address in Austin (Dkt. 1, at 1).  He did not complete the section of the Court's form complaint that asks him to describe how the defendant harmed him (*id.* at 3).  In his statement of claim, Heath stated only, "Parole[.]. Austin

1 / 4

Texas[.]  The[y're] the one doing everything" (*id.* at 4).[1]  As relief for his claims, he requests $10 billion (*id.*).

## II.    LEGAL STANDARDS

The Court is required by the PLRA to scrutinize the claims and dismiss the complaint at any time, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). It lacks an arguable basis in law "if it is based on an indisputably meritless legal theory," and lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).  Allegations that are "fanciful," "fantastic," and "delusional" qualify as factually frivolous.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*.  Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).  Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a

---

[1]      The form complaint instructs the plaintiff to provide a "short and plain statement of the facts" of his case, including "what happened, where did it happen, when did it happen, and who was involved,"

'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).   Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.   *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III.   ANALYSIS

Heath names "Parole" as the sole defendant in his case.   He brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person acting under color of state law, such as a prison official, for a constitutional violation.   *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016).

To the extent Heath seeks to sue Texas Department of Criminal Justice, which has a parole division, his complaint must be dismissed because § 1983 does not create a remedy against the State or a state agency.   *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 (1997); *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 288 (5th Cir. 2015).

Additionally, Heath's claim for monetary damages against a state entity is barred. Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity.   *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015); *Moore v. La. Bd. of Elem. and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).   Texas has not waived its Eleventh Amendment

immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394.

Finally, in the alternative, Heath's suit must be dismissed because his complaint is insufficient to state a plausible claim against the defendant. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Here, Heath pleads no facts to show what action the defendant took, or failed to take, that caused him harm.

## IV.   CONCLUSION

For the reasons stated above, the Court now **ORDERS** as follows:

1.      This civil action is dismissed under 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim upon which relief may be granted.

2.      All pending motions, if any, are **DENIED as moot**.

3.      **The Clerk of Court will send a copy of this dismissal to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ June 13 _____, 2023.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE


4 / 4